* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

**Gary L. Quigg, Claimant–Appellant,**

**v.**

**$36,788.40 U.S. CURRENCY, Defendant.**

**No. 06–35396.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2009.*

Filed March 26, 2009.

Joshua A. Van De Wetering, Esq., USMI–Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

R.App. P. 34(a)(2).

Gary L. Quigg, Billings, MT, pro se.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM ***

Gary L. Quigg appeals pro se from the district court's summary judgment in favor of the United States in the government's action for civil forfeiture of $36,788.40 in currency. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's finding that a claimant lacks standing to challenge a civil forfeiture, *United States v. Real Property Located at 5208 Los Franciscos Way,* 385 F.3d 1187, 1190 (9th Cir.2004), and we affirm.

Quigg contends the district court improperly failed to consider correspondence between Quigg and an attorney when it granted summary judgment. This contention lacks merit because the record does not contain any such letter or affidavit by an attorney and even if it had, such evidence would not in itself show that Quigg had "a colorable interest in the property." *Id.* at 1191.

Quigg also contends that the government failed to preserve certain data concerning the disputed currency. This contention lacks merit because Quigg offers no legal authority requiring the government to record or retain such data and makes no claim that he requested the government to record or retain such data.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Further, even if the government had done so, this data would not have demonstrated that Quigg had "a colorable interest in the property." *Id.*

We instruct the clerk to file Quigg's notice regarding alleged discovery omissions, received on February 27, 2009. To the extent Quigg contends that the information referenced in this notice supports his claim, he is mistaken: while it reveals that Brian Barker disowned the disputed currency, it in no way indicates that Quigg had any interest in it.

**AFFIRMED.**